In re HEALTHCO FACILITIES, INC.:

KARNES/LAMBCKE CONVALESCENT CARE CENTER et al., Appellees,

v.

WILMINGTON HEALTH CARE CENTER, INC., Appellant.

[Cite as *In re Healthco Facilities, Inc.* (1992), 79 Ohio App.3d 385.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1390.

Decided April 21, 1992.

*Peelle Law Offices Co., L.P.A.,* and *William E. Peelle,* for appellee Healthco Facilities, Inc.

*Lee Fisher,* Attorney General, and *Anne C. Berry,* Assistant Attorney General, for appellee Ohio Department of Health.

*Geoffrey E. Webster* and *Richard Goldberg,* for appellant.

TYACK, Judge.

In July 1985, Healthco Facilities, Inc. ("Healthco") filed an application for a certificate of need with the Ohio Department of Health ("ODH") as the designated State Health Planning and Development Agency ("SHPDA"). Healthco sought a certificate of need ("CON") authorizing construction of a one-hundred-bed, long-term care facility to replace two existing nursing homes, totalling eighty-one beds, and to provide nineteen additional beds.

Wilmington Health Care Center, Inc. ("Wilmington") opposed Healthco's CON application. In April 1986, the Director of Health granted the CON but required that the one hundred beds be allocated as fifty nursing home beds

and fifty rest home beds. Wilmington then requested a hearing before the Certificate of Need Review Board of the state of Ohio ("CONRB"). The matter was referred to a hearing examiner who recommended that the CON application be denied.

CONRB then reviewed the report of the hearing examiner and ordered the appeal by Wilmington to be dismissed because the notice of appeal purportedly did not comply with the requirements of R.C. 3702.58 and Ohio Adm.Code 3702-2-03(B)(2), which CONRB ruled was jurisdictional.

Wilmington then appealed to the Franklin County Court of Common Pleas, which issued an order reversing the dismissal of the appeal by CONRB. The action by the common pleas court was then appealed to this court, which in turn reversed the common pleas court. Upon remand from this court, the common pleas court then agreed with CONRB that Wilmington's notice of appeal as to ODH's granting of the CON was legally insufficient and, therefore, the common pleas court affirmed its dismissal by CONRB.

Wilmington has submitted another appeal to this court, and has assigned a single error for our review:

"The Franklin County Court of Common Pleas abused its discretion by dismissing appellant's appeal on the basis appellant's notice of appeal which was filed with the State Certificate of Need Review Board did not sufficiently comply with the requirements of Ohio Administrative Code Rule 3702-2-03(B)(2)."

The question before us is simply whether Wilmington's notice of appeal to CONRB sufficiently complied with R.C. 3702.58 and Ohio Adm.Code 3702-2-03(B)(2).

During the spring of 1986, R.C. 3702.58(A) read, in pertinent part:

"Any affected person shall be entitled to an adjudication hearing before the certificate of need review board on a decision of the director of health to grant, deny, or withdraw a certificate of need or a ruling by the director that a proposed project is or is not a reviewable activity. Upon requesting such hearing an affected person shall pay a hearing fee of one hundred dollars to the board. The request for a hearing shall be filed in writing with the board within thirty days after the decision or ruling of the director is mailed. *The written request for a hearing shall state the assignments of error on which the request is based.* * * * " (Emphasis added.)

Ohio Adm.Code 3702-2-03(B) read:

"In order to request a hearing, an affected person or his attorney, if any, must make a written request for hearing, to be received by the board within thirty days of the date of mailing SHPDA's decision in respect to granting,

denying, or withdrawing a certificate of need, or granting of denying an exemption, or denying a request for reconsideration, or regarding the appropriateness of an existing institutional or home health service.

"(1) Pursuant to section 3702.58 of the Revised Code, a hearing fee of one hundred dollars must accompany such request, except where the requestor is a state as defined in paragraph (Z) of rule 3702-2-01 of the Administrative Code.

"(2) Such request shall include a statement of the case to indicate the nature of the case, the course of proceedings and its disposition under the SHPDA, a statement of the facts relevant to the assignments of error presented for review with appropriate references to the record.

"(3) The request may also include an argument containing the contentions of the affected person with respect to the assignments of error presented and the reasons therefor, with citations of the authority, statutes, and parts of the record relied upon.

"(4) The SHPDA or any other affected person may file a reply brief with the board prior to the hearing date."

As noted above, the reference to SHPDA is a reference to ODH as the designated State Health Planning and Development Agency.

The notice of appeal filed on behalf of Wilmington in May 1986 read (exclusive of the certificate of service):

" * * * Now comes Wilmington Health Care Center, Inc., by and through its Counsel, and gives notice that it is appealing the SHPDA decision, dated April 25, 1986, to grant a Certificate of Need to Healthco Facilities, Inc.

"Appellant is an 'affected person' by virtue of its being a provider of long-term care services in the same health service area, and having requested and appeared at a public hearing before SHPDA in reference to this Application (Reference O.A.C.Rule 3702-2-03(A)).

"(1) *Statement of the Case*

"The Applicant, Healthco Facilities, Inc., filed an Application for Certificate of Need on or about July 3, 1985 requesting a Certificate of Need authorizing the relocation of a total of 81 long-term care beds in conjunction with the proposed construction of 19 rest home beds. Total project cost was $3,228,001.00. Following public notice, Wilmington Health Care Center, Inc., by letter dated September 18, 1985, requested a public hearing on the Certificate of Need Application. On November 13, 1985 at 1:00 P.M. the Ohio Department of Health, as the designated State Health Planning & Development Agency, conducted a hearing pursuant to the request of Wilmington Health Care Center, Inc. By letter dated April 25, 1986, the Director of the Ohio

Department of Health issued a Certificate of Need to Healthco Facilities, Inc. authorizing the construction of a 100–bed facility, with 50 long-term care beds and up to 50 rest home beds. The letter granting a Certificate of Need failed to specify the maximum capital expenditure for which the project would be authorized.

"There is no record made to date; thus, there can be no reference to the record. For assignments of error it is the Appellant's contention that the Certificate of Need issued fails to meet the mandatory requirements of Ohio Administrative Code § 3701–12–18(A), (D). Further, the SHPDA failed to adhere to and follow the required standards of OAC Rule 3701–12–20(A), and 3701–12–23. Facts relevant to the issue to be presented to the Board will be developed following the exercise of discovery.

"Submitted herewith is a check in the amount of $100.00 payable to the State Certificate of Need Review Board as and for the costs of filing this Appeal. * * * "

■ Since R.C. 3702.58 required no more than that the written request for a hearing before CONRB "state the assignments of error on which the request is based" and since the notice of appeal did in fact allege assignments of error, the notice of appeal complied with R.C. 3702.58.

Turning to Ohio Adm.Code 3702–2–03(B)(2), the request or notice of appeal needed to include: (1) a statement of the case to indicate the nature of the case; (2) the course of the proceedings and its disposition under the SHPDA; and (3) a statement of the facts relevant to the assignments of error presented for review and the reason therefor, with citation of the authority, statutes and parts of the record relied upon.

While the notice of appeal is not perfect as to the first and second requirements, the notice of appeal did satisfy those requirements. The greater problem is determining whether the notice of appeal sufficiently sets forth a statement of facts relevant to the assignments of error. Both CONRB and the common pleas court determined that this requirement was not met.

In making our own determination, we are asked to compare two valid principles and give preference to one. The trend in civil proceedings in recent years has been toward notice pleading, with discovery proceedings filling in the information necessary for the parties to determine what constitutes the issues in the case. This approach simplifies the paperwork at the start of the proceedings. On the other hand, due process considerations require that a party who is litigating be entitled to know what is at issue in the litigation prior to commencing the evidentiary hearing.

Resolving the tension between these competing principles is complicated by the fact that the overall statutory scheme in CON cases is rife with internal conflicts. The scheme talks about "assignments of error" and references to "the record" in a context where no formal record exists. The party who is "appealing" is supposed to proceed first in the hearing, and is forced to allege errors during a *de novo* hearing. While this approach is somewhat workable if the applicant for the CON is "appealing" to show that it should receive a CON, the approach is cumbersome at best if another interested party has requested the hearing. The other interested party is supposed to allege and prove in the supposedly *de novo* hearing that proceedings which are not automatically before the hearing officer or CONRB were erroneous, and a CON was issued based upon facts and factors not in evidence.

Since all appeals from CONRB decisions are now supposed to be made directly to this court, the burden falls upon us to provide some guidance to CONRB as to our view of appropriate procedure.

■ Initially, we note that the failure of an applicant or an affected party to comply with applicable provisions of the Ohio Administrative Code does not deprive CONRB of jurisdiction to conduct a hearing and address the issues. To the extent that CONRB's ruling below hinged upon a finding that the failure of an interested party to comply fully with Ohio Adm.Code 3702-2-03(B)(2) deprived CONRB of jurisdiction, the ruling was erroneous. Ohio Adm.Code 3702-2-03(B)(2) is intended to be helpful to an ordered conducting of proceedings before CONRB, but the administrative code sections are not determinative of jurisdiction.

We acknowledge that a contrary implication could be drawn from the mandate which was part of the earlier appeal to this court. However, the actual issue before this court in the first set of appeals was whether Ohio Adm.Code 3702-2-03(B)(2) unconstitutionally extended beyond the requirements of R.C. 3702.58. This court ruled that it was not facially invalid. Beyond that, this court remanded the case to the lower court to allow the lower court the opportunity to address the other issues arguably before it, which would include the legitimacy of the application of this procedural rule to the case at hand.

■ While CONRB may not hold non-compliance with the Ohio Administrative Code to be jurisdictional, CONRB has the discretionary power, if an applicant or interested party files a notice of appeal which is vague and then unreasonably refuses to elucidate the issues upon appropriate request, to find that issues which are not contained with sufficient clarity in the notice of appeal are waived. In the context of the Healthco application, the notice of appeal clearly mentions that the letter granting the CON failed to specify the

maximum capital expenditures for which the project would be authorized, but otherwise set forth errors only by reference to sections of the Ohio Administrative Code. CONRB may have held other issues to have been waived but was not obligated to do so. In exercising its discretion to limit issues, CONRB should consider the overall situation, including whether any party was prejudiced by the apparent delay in clarifying the errors to be pursued by Wilmington.

We submit, in overview, that CONRB may, at a reasonable time, require that the objecting party explain in what particulars specified statutory and Ohio Administrative Code sections were violated, and to adopt and enforce a procedural rule to accomplish that purpose.

It is unfortunate that the statute refers to "assignments of error." The phrase "assignments of error" makes good sense in the context of an appeal to an appellate court which has a formal record of proceedings before it. To use the phrase "assignments of error" in the context of a *de novo* hearing makes very little sense. While an applicant should be able to explain why a CON should be granted or an interested party should be able to explain why a CON should not be granted, these explanations are not best-suited to an "assignment of error" format. Hence, a reasonably applied procedural rule may be used to aid the process.

While we are cognizant that repeal of this process is imminent, such repeal has been imminent before, only for the CON process to arise phoenix-like from the ashes. If the CON process is to be resurrected, the process should be improved as a part of the resurrection.

As a result of our ruling that the provisions of the Ohio Administrative Code are not jurisdictional, the assignment of error is sustained. This cause is remanded to the CONRB for further proceedings, which may include a whole new adjudication hearing to determine whether the circumstances in Clinton County have changed sufficiently during the six years since the last adjudication hearing such that a CON is appropriate. Determining need based upon six-year-old data without such a hearing certainly carries significant risks. However, the final determination as to the appropriate procedural course to follow rests with CONRB. In any event, in light of the delay that has already occurred, the case should be expedited.

*Judgment reversed; cause remanded to Certificate of Need Review Board.*

McCORMAC, J., concurs.

WHITESIDE, J., concurs separately.

WHITESIDE, Judge, concurring.

Although I concur in the opinion and judgment, I do so with the understanding that we do not put a "stamp of approval" upon Ohio Adm.Code 3702-2-03(B)(2) but, instead, leave determination of its validity for a more appropriate time since it is not essential for our determination of the issues before us.

As a comment, however, it would appear that the requirement of former R.C. 3702.58 (presently R.C. 3702.60) that assignments of error be filed, combined with the filing being a request for an adjudication hearing (not a notice of appeal), with the requirement of a prehearing conference within thirty days, and with the requirement that the adjudication hearing be conducted in accordance with R.C. Chapter 119, tends to negate any need for either statements of the case or a statement of the facts.

Also, there can be no proper reference to the page of the "record" since that is what will be created at the adjudication hearing. The assignment-of-error provision could be intended to refer only to former R.C. 3702.58(C), which provides for a remand to the agency if the agency committed "procedural error." Resolution of these issues is not necessary for our determination herein.